No. 11,170.

45  249
49  234

THE STATE EX REL. A. L. BOURGEOIS VS. L. LEBOURGEOIS, PRESIDENT OF POLICE JURY, PARISH OF ST. JAMES.

1. The remedy invoked by relator embodied in Section 352 of the Revised Statutes, which, having reference to official bonds, declares that "For the acceptance of the sureties offered upon the bond the assent shall be unanimous, and on refusal to accept any surety, the district or parish judge shall have the power upon application in vacation, as well as in term time, to compel them to show cause why they do not accept such surety; and in all such cases the parties whose duty it is to judge of the sureties offered shall, on demand of the party complaining, certify to the judge their decision and the evidence on which it was based, whose duty it shall be to decide immediately thereon and from his decision in the case there shall be no appeal," though styled in the proceedings a "mandamus," is not strictly such; it is a special statutory remedy expressly authorizing the district judge to review the action of certain officials in respect to a particular matter, and on due and legal cause not having, in his opinion, been shown to justify the same, to reverse that action, to pronounce in the case the decision which those officers should have made and to order them to do that which they should have done originally.

2. The contention that so much of the section as refuses an appeal is unconstitutional in that it is in conflict with Article 81 of the Constitution which guaran-

tees an appeal in all cases where the matter in dispute is over two thousand dollars, exclusive of interest, is not well founded. Defendant has no pecuniary interest in the litigation and maintains his right of appeal only as a representative of the State and parish. As such he has just such rights and is charged with just such duties as are imposed upon him by the particular statute under which he is acting. The clause objected to, so far as the State and parish are concerned, is not a limitation upon or a denial of the constitutional right of appeal, but the designation of a particular class of cases as to which the Legislature has declared that for the purpose of enabling officers to qualify as such, it is not deemed necessary for the safeguarding of the interests of the State and parish to pursue an investigation as to the sufficiency of the sureties on the bonds tendered by them beyond the action of the district judge. Act No. —, of 1878, authorizing the Governor to direct the institution of suits subsequent to the induction of officers to test the sufficiency of their bonds, guarantees the State and parish against any original mistake in approving and accepting them.

3. Defendant but for Section 352 of the Revised Statutes would have been entitled to appeal. He had the legal right to raise an issue in the lower court as to whether or not that section had been repealed, and whether by such repeal his conclusions as to the solvency of the bonds tendered to him for acceptance were not final and free from revision by the district judge, particularly (as he claimed) under a writ of mandamus, and the lower court having ruled adversely to him, an appeal lies for the determination of those restricted issues.

4. Section 352 of the Revised Statutes has not been repealed, and under its terms no appeal lies from the decision of the judge upon the merits of the rule.

5. The various statutes of the State between the adoption of the Revised Statutes and that of the Constitution of 1879 did not expressly repeal Section 352, and there are no provisions in any of them inconsistent with it—they could all be read together harmoniously as a single act. There is nothing in the section inconsistent with the Constitution of 1879, and under Article 258 of that instrument it remained unimpaired by its adoption.

6. The terms of Article 118 of the Constitution relative to a subsequent enactment by the general law on the subject of sheriffs' bonds are not to be enlarged by construction to reach a result obviously not within its intendment. Its adoption was due to the merging by the Constitution of the two offices of sheriff and tax collector and to the making certain that legislation should be adopted to meet the change thus operated. It did not carry with it a peremptory command to the General Assembly to legislate *de novo* upon a matter already provided for and needing no alteration to conform to new conditions, and that body has not construed it to be its duty so to do. Until it shall have done so, matters must be governed by existing laws.

7. The construction contended for would require the court to declare a general law repealed by a special statute on a particular subject by mere implication, and by such implication not only to reach the result aimed at, and declared by Article 118 of "fully securing the State, the parish and all parties in interest," but of breaking down salutary checks and balances now existing, productive of and attaining that very end.

APPEAL from the Twentieth District Court, Parish of St. James. *Guion, J.*

State ex rel. Bourgeois vs. Police Jury.

*Sims & Poché* for Relator and Appellee:

### ON MOTION TO DISMISS.

1. The decision of the district judge decreeing the sufficiency of the sureties on the bonds of relator as sheriff and tax collector is final so far as the defendant is concerned, and no appeal lies therefrom. R. S., Sec. 352. Defendant is without interest.

2. Section 352, Revised Statutes of Louisiana, has not been repealed by any subsequent legislation, either expressly or by implication. Act No. 11 of 1877, p. 15, amends and re-enacts Sec. 351, R. S., but does not touch Sec. 352. Act No. 52 of 1880, p. 50, only repeals conflicting laws; but the provisions of said Section 352 are not in conflict or inconsistent therewith. The former is a special law relating to sheriffs and *ex-officio* tax collectors, the latter a general law for the purpose of testing the sufficiency of sureties on bonds of all officers referred to in the previous section, and the two may be read together in perfect harmony.

3. The Revised Statutes of this State, approved March 14, 1870, is a codification of laws, each section of which is a general, independent law upon the subject matter referred to therein Except as to glaring or patent inconsistencies in particular provisions, the Revised Statutes remained in force after the adoption of the Constitution of 1879. Const., Art. 258.

4. The repeal of laws by implication finds no favor in the jurisprudence of this State. C. C., Art. 23; Hennen, Vol. 1, p. 788, No. 4, and cases cited; 16 An. 351-395; 5 An. 22; 30 An. 399; 39 An. 541, 439, 515; 12 An. 498, 805; 34 An. 441; 24 An. 155; 20 An. 139; 13 An. 329, 383; 4 An. 366; 31 An. 294; 40 An. 366.

### ON THE MERITS.

1. Relator has abundantly justified the sureties on his bonds, and the defendant has added cumulative proof by filing in evidence the testimony of his witnesses taken in New Orleans under commission.

2. The decision of the district judge, who saw and heard the witnesses, is entitled to great weight. 6 La. 31; 13 La. 412; 43 An. 61, 855.

---

*F. C. Zacharie* for Respondent and Appellant:

A mandamus will not lie to control the discretion of an officer.

"In the matter of approving official bonds, the duty of deciding upon the sufficiency of the sureties involves the exercise of such judgment and discretion as to be of a *quasi* judicial nature, that the power will not be controlled by mandamus." Eng. and Am. Enc. of Law, Vol. 14, p. 168; 65 Ala. 430; 76 Ala. 321; 52 Ala. 87; 13 Atl. Rep 109.

Act No. 52 of 1880, passed in obedience to the mandate of Art. 118, Const. of 1879, ordering a revision of the existing law on the subject of sheriffs' and tax collectors' bonds, and requiring the passage of a new and general law on the subject of the amount, form, condition and *mode of approval of such bonds*, repeals that portion of Sec. 352 of the Revised Statutes of 1870 allowing an appeal to the District Court by the omission of that clause from the new statute.

A subsequent statute revising the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on principles of law as well as of reason, operate to repeal the former. If such a statute omits anything contained in a former statute' the portion omitted is repealed, as the intention of the Legislature is evident

to strike it out by omitting it. Smith on Stat. Cons., Sec. 786; U. S. Dig., First Series, 11-12, Pri. Tax; Endlich on Interp. of Statutes, Sec. 201, p. 270; Id., p. 271, Sec. 202; Id., p. 537, Sec. 384; Sutherland on Stat. Cons., p. 207, Sec. 154; Id., Sec. 155, p. 209; Cooley on Cons. Limit., 6th Ed., p. 183, N. 4; Smith on Stat. Cons., Sec. 786, and authorities cited by these authors; 39 N. J. Eq. 169; 3 N. Y. S. 890; Id., 1892, *Re* Alexander; 7 N. Y. S. 860; 1 Pick. 45; 26 W. Va. 63; 6 How. Pr. 282; 10 Nev. 332; 1 Dakota, 22; 21 Tex. 736; 42 Maine 55; 1 Pickle (Tenn.) 500; 11 An. 470; 11 An. 442; 12 An. 431; 22 An. 275; 37 An. 580; 40 An. 601.

The rule of interpretation of constitutions is the same as that of statutes. 5 R. 367; 13 An. 345; 33 An. 35.

Article 352, Revised Statutes of 1870, is in conflict with Article 81 of the Constitution of 1879, in that it deprives a litigant of appeal on a matter exceeding $2000, and is therefore repealed thereby.

A representative of a parish or State, although he has no personal pecuniary interest in litigation involving an amount in excess of $2000, has the right of appeal. 28 An. 596.

A surety on an official bond must be a person able to contract and of property sufficient to answer for the amount of the obligation. R. C. C. 3042; 36 An. 714.

The opinion of the court was delivered by

NICHOLLS, C. J. On July 5, 1892, a petition was filed in the Twentieth Judicial District Court for the parish of St. James, in the name of the State of Louisiana, on the relation of A. Levain Bourgeois, *and of A. Levain Bourgeois*, in which it was alleged that the relator was duly elected, at the last general election, as sheriff and *ex-officio* tax collector in and for the parish of St. James; and that on the 4th day of June, 1892, he received his commission as such from the Governor of the State; that soon after the receipt of his commission he proceeded to make out his bond in accordance with law for the faithful performance of his duties as sheriff and as *ex-officio* tax collector respectively, and executed the same with good and sufficient securities, in proper form, on the 11th of June, 1892. That on the 13th of June, 1892, relator presented said two bonds, one for the sum of $6000 and one for the sum of $20,000, executed as aforesaid to Louis Le Bourgeois, president of the police jury of the parish of St. James, for his approval and acceptance, who examined said bonds and stated that he would give an answer later on; that relator was kept waiting for said answer until the 25th of June, 1892, at which date said president of the police jury informed relator that he declined to accept or approve said bonds on the ground that some of the sureties were not sufficient, but refused to state what sureties on said bonds, or either of them, were, in his opinion, insufficient, although earnestly requested so to do.

Relator further alleges that on the 28th of June, 1892, he again presented bonds for the faithful performance of his said official duties, with sufficient securities, in the sum of $6000 and $20,000, respectively, to the said Le Bourgeois, president of the police jury of St. James, and requested his acceptance and approval thereof, but said president put relator off to another day, saying he would be at the court house, if possible, on Friday, the 1st of July, 1892, to take action with respect to said bonds; that said president of the police jury did not come to the court house of St. James until Saturday, the 2d of July, 1892, at which time he informed relator that he refused to accept or approve said bonds on the ground that some of the sureties thereon were, in his opinion, not sufficient, but he refused to state the names of such sureties.

That since the occurrence of the Belmont crevasse, in St. James parish, communication with the president of the police jury has been difficult and inconvenient owing to the fact that he has been temporarily residing in the parish of St. John the Baptist.

Relator further alleged that on Monday, the 4th day of July, 1892, he proceeded to the parish of St. John the Baptist and presented bonds, with sufficient sureties and executed according to law, to said president of the police jury in person, at his temporary residence, and requested him to accept and approve said bonds for the faithful performance of his duties as sheriff and ex-officio tax collector of the parish of St. James, to which he had been duly elected, but said officer refused to accept or approve said bonds solely on the ground that some of the sureties on said bonds were insufficient securities; that later on the day of said 4th of July, 1892, said president of the police jury of St. James came to the court house to attend a meeting of the board of reviewers of said parish, and thereupon relator caused to be presented to him for his acceptance and approval said two bonds which relator had presented to him earlier in the day as aforesaid. That although earnestly urged and requested to accept and approve said bonds while in said court house, to the end that relator might not be illegally and unjustly deprived of his said office, and although said bonds were executed according to law, with unexceptionable securities, said president of the police jury persisted in refusing to accept or approve said bonds, and refused to assign any reason therefor except that in his opinion some of the sureties on said bonds were not sufficient. Relator further alleged

that the action of said president in failing to perform his duty under the law, and refusing to accept and approve said bonds of relator is arbitrary and illegal; that owing to the arbitrary and illegal acts of said president relator has been compelled to file his bonds, with solvent secureties, in due form, in the office of the clerk of court, *ex-officio* recorder for said parish, with the written acceptance and approval thereof of the said clerk of court, and the said bonds have been put of record; that said bonds fulfil all requirements of law, and that it was the duty of said officer to accept and approve said bonds, and his failure so to do might cause the relator irreparable injury; that the office of sheriff of said parish was worth more than $2000 a year, and the effect of the arbitrary and illegal action of said president might result in depriving relator of his said office of sheriff without due process of law; that relator had done all that it was possible for him to do to qualify according to law as sheriff of said parish, and the only formality wanting, without any fault or negligence on the part of relator, is the written acceptance and approval of relator's bonds by said president, which acceptance and approval are being withheld illegally, arbitrarily, and without any cause whatsoever.    That relator's only remedy was a writ of mandamus; he therefore prayed for such writ commanding the said president to accept and approve in writing the said bonds of relator, or to show cause to the court why he failed to approve and accept said bonds, and why said writ of mandamus should not be made peremptory.

.  An alternative writ issued as prayed for, returnable on the 18th July, 1892.

On that day the defendant in rule appeared and excepted to the proceeding on the ground that the court was without jurisdiction *ratione materiæ*, and on the ground of no cause of action, inasmuch as the petition filed showed on its face that exceptor failed to approve said bonds tendered as insufficient in the sureties, and not such as in his judgment and discretion as to render the State secure as required by law, and that such discretion being vested in defendant as president of the police jury under Sec. 4, Act 52 of 1880, is not reviewable by the District Court, and the writ of mandamus would not lie.

This exception was overruled by the court—the court basing its action on Sec. 352 of the Revised Statutes.

Defendant under benefit and reservation of this exception filed an

answer denying all and singular the allegations of the petition, except that he admitted that he had refused, and still refused, to approve the bonds tendered because he did not deem the same good and sufficient, and because the sureties thereon were not good and sufficient to respond to the amounts for which the said sureties obligated themselves in the discretion vested in him under the section of the law already referred to.

On the 26th of July, 1892, the district judge proceeded, without further objection on the part of the defendant, to a trial of the rule on its merits; evidence being adduced as to the solvency of the sureties.

On the 3d of August, 1892, the court rendered a judgment in favor of the relator, ordering the president of the police jury of the parish of St. James to approve and accept the bonds tendered, the court declaring that " the relator had adduced due proof of the solvency of the sureties on his bond as sheriff and tax collector, and that it was satisfied that all said sureties are good and solvent, and his bonds are such as the law requires."

The defendant has appealed, and the relator has filed in this court a motion to dismiss the appeal on the ground that the decision of the District Court is final and no appeal lies therefrom under the provisions of Sec. 352 of the Revised Statutes, and on the further ground that the appellant is without any pecuniary or personal interest in the matter of this controversy—that whilst relator avers the office is worth $2000 a year, appellant does not claim the office, nor is the right to the office an issue in the case.

The question of the right of appeal is so much dependent upon the solution of several questions of law raised by the parties outside of that motion, in relation to the matters involved in the litigation in the lower court, that those questions should be first mentioned and considered in order to give a proper explanation of the action of the court on the motion to dismiss.

At the time of the adoption of the Revised Statutes, under Sec. 351 of that revision, all bonds of public officers (except the Treasurer, Auditor, parish recorders and clerks of district courts) were to be accepted by the parish recorder, the clerk of the court and the president of the police jury of the parish for which such officers were elected or appointed, and in which the sureties resided.

Section 352 of the Revised Statutes provided: "For the accept-ance of the sureties offered upon the bond the assent shall be unani-mous, and on refusal to accept any surety the district or parish judge shall have the power upon application in vacation as well as in term time to compel them to show cause why they do not accept such sureties, and in all such cases the parties whose duty it is to judge of the sureties offered shall, on demand of the party complain-ing, certify to the judge their decision and the evidence upon which it was based, whose duty it shall be to decide immediately thereon, and from his decision in the case there shall be no appeal."

By Act No. 11 of 1877, entitled "An act to amend and re-enact Sec. 351 of the Revised Statutes of the State of Louisiana in relation to bonds of officers—approved March 14, 1870," some slight changes were made in the section amended and re-enacted, to the effect that the approval of two out of the three officers shall be sufficient for the approval and acceptance, and that the bond should be recorded.

Section 2 of the act repeals all laws or parts of laws contrary to the provisions of the same.

A later act (No. 50) of the same session enacts in its first section that the bonds of the State tax collectors should thereafter be ac-cepted by the Auditor of Public Accounts, and its *third section* de-clares " that all laws requiring the bonds of the State tax collectors to be approved or accepted by any other officer than the Auditor of Public Accounts be and the same are hereby repealed."

In 1878 the General Assembly passed an act entitled "An act to authorize the institution of suits to test the sufficiency of sureties on official bonds." By its first section the Governor is authorized to direct the institution of suits by the Attorney General, the district attorney or district attorney *pro tempore*, to test the sufficiency and solvency of the securities of any officer, State or parochial, re-quired to give bond, even after the approval of the bond by those whose duty it is made to pass upon the same, and by its fourth sec-tion it is enacted " that nothing in this act shall be construed to im-pair any remedy presently existing for testing official bonds."

Such was the condition of the law when the Constitutional Conven-vention met in 1879.

*Article 118* of the Constitution of 1879 merged the office of tax col-lector with that of sheriff in the country parishes, and provides:

" He shall give separate bonds for the faithful performance of his duty in each capacity."

Until otherwise provided, the bonds shall be given according to existing laws.   The General Assembly after the adoption of this Constitution shall pass a general law regulating the amount, form, condition and mode of approval of such bonds, so as to fully secure the State and parish, and all parties in interest.

In obedience to this constitutional mandate the first Legislature after the Cons'itution passed Act 52 of 1880, entitled "An act relative to sheriffs, *ex-officio* tax collectors, and to the bonds to be furnished by them (the parish of Orleans excepted)."

The *fourth section* of the act is as follows:

"*Be it enacted, etc.,* That the sureties on all bonds given by sheriffs and *ex-officio* tax collectors of State and parish taxes (the parish of Orleans excepted)   *   *   *   shall be approved and accepted by the president of the police jury and the clerk of the District Court of the the parish if they deem the same good and sufficient, and shall be authenticated by the attestation of two witnesses and the signature of the clerk of the District Court of the parish, and shall also be recorded in a separate book kept for that purpose, and be also registered on the mortgage record of the several parishes where the principal obligee may own immovables."   *   *   *

The sixth section of the act repeals all laws or parts of laws in conflict with the provisions of the same.

By Art. 158 of the Constitution it is provided that " All laws in force at the time of the adoption of this Constitution and not inconsistent therewith shall continue as if said Constitution had not been adopted."

With the articles of the Constitution and the various statutes bearing on the subject matter before us we are prepared to judge of the merit of the different contentions of the parties.

The relator predicates his action upon Sec. 352 of the Revised Statutes, which he maintains is still in full force, and he further maintains that the district judge having passed favorably upon the solvency and sufficiency of the sureties no appeal lies from his decision under the terms of that section.

The defendant on the other hand takes the position that Sec. 352 has been repealed by subsequent legislation.

On this subject he says that Art. 118 of the Constitution shows the intent and desire of its framers to have the Legislature *revise* by a new and general law the existing laws of the State on the whole subject, and to provide anew for the amount, form and confection of the bond as well as the manner of approval.

That they intended to continue "existing laws" on this subject only until otherwise provided. That when, in obedience to the Constitution, Act No. 52 of 1880 was adopted, it provided for the *amount*, the form, the giving of *sureties*—their qualifications—and the manner of the approval of the bonds, thus covering the four points mentioned by the Constitution, specially "the mode of approval." That relatively to this last point the law was couched in the following language in Section 4: "Said bonds shall be approved and accepted by the president of the police jury and the clerk of the District Court of the parish *if they deem the same good and sufficient;* that the last section (6) "repeals all laws and parts of laws in conflict with the provisions of this act." That thus the Legislature, in obedience to the constitutional mandate, renewing and revising all prior laws on the subject matter, with the act of 1855 before them, and reenacted in the Revised Statutes, struck out by omission the clause in the Revised Statutes and act of 1855 allowing any appeal to the courts, and left it with the president of the police jury and clerk of the court to accept and approve the bond "*if they deem the same good and sufficient.*" That the discretion is thus vested in these officers, and there is nothing in the new law which intimates or insinuates that this discretion can be limited, controlled, revised or reviewed by the courts, particularly by writ of mandamus.

On the question of the right of appeal, defendant, in his brief, says: "If the court hold that Section 352 is repealed by the Act 52 of 1880, it disposes of the whole ground, but that if this position be not maintained, it is plain that so much of Section 352 as deprives a litigant of appeal to this court is unconstitutional, as in conflict with Article 81 of the Constitution, which provides, as amended, that the jurisdiction on appeal to this court "shall extend to all cases where the matter in dispute or the fund to be distributed, whatever may be the amount therein claimed, shall exceed $2000 exclusive of interest; that true it is that he has no personal pecuniary interest, but that he stands in a representative capacity for the State and parish,

and they have an interest, and a very vital pecuniary interest, which gives them right to appeal."

For reasons hereinafter stated we hold that Sec. 352 of the Revised Statutes is not repealed. Relator therefore was entitled to the remedy provided by that section. The district judge had the power and authority, on application of relator, to rule the defendant to show cause why he did not accept the sureties offered, and it was "his duty to decide thereon immediately."

He did decide, after evidence contradictorily taken between the parties, that the sureties offered were good and sufficient.

The section cited, in express terms, declares that from his decision and order in the premises there shall be no appeal. Defendant's contention that this portion of the act is unconstitutional as being in conflict with Art. 81 of the Constitution, which extends the right of appeal to all cases where the amount claimed shall exceed $2000 exclusive of interest, is not well founded. Defendant concedes that he has no personal pecuniary interest in the litigation, and maintains his right of appeal as representing the State and the parish of St. James, but he overlooks the fact that as so representing them he has just such rights and is charged with just such duties as are imposed upon him by the particular statute under which he is acting. The clause objected to, is not (so far as the State and parish are concerned) a limitation upon or denial of the constitutional right of appeal, but the designation of a particular class of cases as to which the Legislature has declared that in the opinion of that body, the State's interest are sufficienty safeguarded when, after the sureties tendered upon official bonds shall have been first submitted to the president of the police jury and the clerk of court, and passed upon by them, their conclusions have been subsequently submitted to and reviewed by the district judge, and he has rendered a decision thereon.

The Legislature has announced that for the purpose of enabling officers to qualify for induction into office, it is not deemed necessary to pursue an investigation as to their sureties beyond the action of the district judge, and it has provided a remedy for any threatened danger to the State's interests from a mistake in that regard, by Act No. 14 of 1878, above mentioned, authorizing the Governor to institute suits to test their solvency after they shall have entered upon the discharge of their duties.

We are not called upon to consider this matter with reference to what would have been relator's rights as to an appeal had the ruling of the district judge been adverse to the sufficiency of the sureties tendered by him. But whilst we hold that the decision of the district judge on the merits of the rule before him can not be made the subject of review by this court on appeal, it does not follow that the appeal itself should therefore be entirely dismissed. The defendant having been ruled into court to show cause why he should not accept the sureties tendered by the sheriff, and having shown cause, which the district judge held to be insufficient, would but for Sec. 352 have been entitled to an appeal (State ex rel. Graham, Auditor, vs. Judge, 23 An. 596). One of his contentions in the lower court being that this very section had been repealed, and that the effect of the repeal was to leave him entrusted not only with the duty of passing upon the solvency of the sureties, but of doing so finally and conclusively, free from any control by the district judge, and the latter having held otherwise, we are of the opinion that the appeal lies for the purpose of the determination of those special restricted issues, but for nothing else.

· We now pass to the exception filed by the defendant, which brings up the question whether Sec. 352 of the Revised Statutes has been repealed, leaving the discretion of the defendant over the subject matter of the approval of sureties and acceptance of bonds absolute and not reviewable, as he claims, by mandamus.

The remedy invoked by the relator, though styled by the parties a mandamus, is not strictly such; it is simply a "rule to show cause" —a special statutory remedy provided by law expressly authorizing the district judge to review the action of certain officers in respect to a certain specified matter, and on due and legal cause not having, in his opinion, been shown to justify the same, to reverse that action —to pronounce on the case the decision which those officers should have made and to order them to do that which they should have done originally.

There has been a slight departure in the proceedings from the precise form in which Section 352 directed the issues raised to be placed before the judge, but the defendant has urged no objection on that score, and matters were really more satisfactorily disposed of by taking the testimony in the case contradictorily between the

parties in open court than they would have been by adhering to the very letter of the law.

We have said that Section 352 has not been repealed.   There was no inconsistency originally between that section and the one directly preceding, and the various statutes which have been referred to by counsel and alluded to in the former portion of this opinion have not brought about any; those statutes and Section 352 can well coexist and be read together as sections of one and the same general law, the one bearing upon the particular officers who should originally consider and approve or reject the sureties and bonds, the latter upon a revision in the nature of an appeal from the action taken by those officers primarily dealing with the subject.   We see nothing in Acts Nos. 11 and 50 of 1877 which would go or tend to show that in changing the particular officers charged with the original duty the Legislature intended to alter the law, enlarge their powers and make their action final.   The very title of Act No. 11 shows that it was dealing exclusively with Section 351, and Section 4 of Act No. 14 of 1878 shows very clearly a legislative belief that at that time there existed a special method for the " testing " of bonds and a legislative understanding that the prior laws were still in existence.   There being no inconsistency between those laws and any of the provisions of the Constitution of 1879, they remained, under Article 258 of that instrument, unimpaired by its adoption.

The terms of Art. 118 of the Constitution, relative to a subsequent enactment by the General Assembly of a general law on the subject of the bonds of sheriffs, *ex-officio* tax collectors, are not to be enlarged by construction and to reach a result obviously not within the intendment of the article.

Its adoption was due to the merging by the Constitution of the two offices of sheriff and tax collector, and to the necessity of making certain that legislation should be adopted which was necessary to be adopted to meet the change thus operated.

We do not think that the requirement of that article that the Legislature should pass a general law regulating the amount, form, condition and mode of approval of the bonds of the sheriff carried with it a peremptory command, that it should legislate *de novo* upon a matter already provided for, which needed no alteration in order to conform to new conditions.   Art. 118 declares that until otherwise provided the bonds should be given according to existing laws.

Act No. 52 of 1880, enacted in obedience to the mandate of the Constitution, is absolutely silent in respect to any departure in the matter of sheriffs' bonds from the provisions of the general law embodied in Sec. 352, covering all bonds. It is obvious the Legislature did not construe it to be its duty to make any such change—at all events it has not as yet done so, and until this shall have been done this matter must continue to be governed by existing laws.

The construction contended for by the defendant would require us to declare a general law repealed by a special law on a particular subject by a mere implication, and by such implication not only not to reach the result aimed at and declared in Art. 118 of "fully securing the State and parish, and all parties in interest," but of breaking down salutary checks and balances now existing, producing and attaining the object sought.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment of the District Court be and the same is hereby affirmed.